O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELODY CHACKER, RICHARD CHACKER, | Case No. CV 10-07796 DDP (SSx) |
| Plaintiffs, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| v. | [Motion filed on 11/19/2010] |
| CHASE HOME FINANCE LLC; CALIFORNIA RECONVEYANCE CO.; POWER DEFAULT SERVICES, | |
| Defendants. | |

On October 18, Melody and Richard Chacker's ("Plaintiffs") filed a complaint against Chase Home Finance, LLC and California Reconveyance Company (collectively "Defendants") alleging various violations of the Truth In Lending Act ("TILA"), 15 U.S.C. § 1601. Defendants filed a motion to dismiss. Having reviewed the parties moving papers and the arguments contained therein, the court GRANTS Defendants' motion.

**II. Background**

In 2006, Plaintiffs purchased the real property located at 17 20th Ave, Hermosa Beach, California 90254. (Compl. Transaction

History 1.) In June 2006, Plaintiffs received a $1,710,000 loan in order to finance that purchase from Defendants. (Id.) In June 2010, Defendants issued and Plaintiffs received a notice of default. (Id.) In September 2010, Plaintiffs received a notice of Trustee's Sale for the property. (Compl. Notice of Trustee's Sale.) In October 2010, Plaintiffs filed suit against Defendants alleging that Defendants violated the TILA, (Compl. 10:16-17.), and sought a Temporary Restraining Order ("TRO"). (Dkt. 3.) On October 20, 2010, this court denied Plaintiffs' application for a TRO because Plaintiffs had not demonstrated probable success on the merits. (Dkt. 8.) On November 19, 2010, Defendants filed a motion to dismiss Plaintiffs' complaint. (Dkt. 9.)

**III. Legal Standard**

    **A.   Rule 12(b)(6)**

Rule 8 of the Federal Rules of Civil Procedure "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). When considering a 12(b)(6) motion to dismiss for failure to state a claim, "all allegations of material fact are accepted as true and should be construed in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000).

A court need not accept as true conclusory allegations or allegations stating a legal conclusion. In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1403 (9th Cir. 1996); Iqbal v. Ashcroft, 129 S.Ct. 1937, 1940-41 (2009) ("mere conclusions[] are not entitled to

the assumption of truth."). A court properly dismisses a complaint on a Rule 12(b)(6) motion based upon the "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under the cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). The plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). That is, the plaintiffs' obligation requires more than "naked assertions devoid of further factual enhancement." Iqbal, 129 S.Ct. at 1949 (internal quotations removed).

**IV. Discussion**

   A. TILA

Defendants argue that Plaintiffs' claims under the TILA are time-barred by TILA's one-year statute of limitations and that no grounds for equitable tolling of TILA's statute have been pled by Plaintiffs. (Motion to Dismiss 2:5-9.) The court agrees.

TILA and its implementing regulations require lenders to make certain disclosures in connection with consumer loans. TILA's purpose is to "protect consumers' choice through full disclosure and to guard against the divergent and at times fraudulent practices stemming from uninformed use of credit." King v. California, 784 F.2d 910, 915 (9th Cir. 1986). The statute provides that an "action [for damages] . . . may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e) (emphasis added). The Ninth Circuit has held that the one-year window for filing a TILA damages

1  claim generally "runs from the date of consummation of the
2  transaction."  <u>King</u>, 784 F.3d at 915.
3       Here, Plaintiffs entered into the loan at issue in 2006.
4  Plaintiffs' complaint was filed in 2010, over four years after the
5  execution of the loan.  Plaintiffs' TILA claims are, therefore,
6  untimely under the one-year federal statute of limitations.
7       The Ninth Circuit has recognized that equitable tolling of the
8  TILA deadline "might be appropriate in certain circumstances."  <u>Id.</u>
9  at 914.  The doctrine of equitable tolling suspends the applicable
10 limitations period "until the borrower discovers or had reasonable
11 opportunity to discover the fraud or nondisclosures that form the
12 basis of the TILA action."  <u>Id.</u> at 915. Plaintiffs, however, have
13 not demonstrated that this court's decision to not toll the statute
14 of limitations would be "unjust or frustrate the purpose of
15 [TILA]."  <u>Id.</u>  Accordingly, the court GRANTS Defendants' motion to
16 dismiss Plaintiffs' TILA damages claim.
17      B. <u>Rescission</u>
18      To the extent that Plaintiffs seek rescission of the loan
19 under TILA, Plaintiffs' claim is barred by TILA's three year
20 statute of limitation for rescission.
21      TILA requires loan documents to state the last date on which
22 the borrower may rescind the loan without penalty. <u>Semar v. Platte</u>
23 <u>Valley Federal Sav. & Loan Ass'n</u>, 791 F.2d 699, 701 (9th Cir. 1986)
24 (citing 15 U.S.C. § 1635(a)).  If the loan documents fail to
25 include such a date, the borrower may rescind the loan within three
26 years of the loan's consummation.  <u>Id.</u> at 701-02 (citing 15 U.S.C.
27 § 1635(f)).  "Section 1635 is a statute of repose, depriving the
28 courts of subject matter jurisdiction when a section 1635 claim is

4

1  brought outside the three-year limitation period." <u>Miguel v.</u>
2  <u>Country Funding Corp.</u>, 309 F.3d 1161, 1164 (9th Cir. 2002).
3       Here, Plaintiffs' consummated the loan on June 26, 2006 and
4  brought suit on October 18, 2010, over four years later.
5  Therefore, the court GRANTS Defendants' motion and dismisses
6  Plaintiffs' TILA rescission claim.

IT IS SO ORDERED.

Dated: February 18, 2011

DEAN D. PREGERSON
United States District Judge

5